# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:21-cv-01150 KES                              Date: July 15, 2021

Title: DIAMONDSTAR ENTM'T HOLDINGS, LLC v. THH LLC and RICK ZIELOMSKI

PRESENT:

   THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**          **Order to Show Cause Why this Action Should Not Be Remanded**

On July 2, 2021, Defendants filed a Notice of Removal from Orange County Superior Court case number 0-2020-01152786-CU-BC-CJC (Dkt. 1 ["Notice"]), together with a copy of all process, pleadings, and orders served upon Defendants, including the summons and complaint (Dkt. 1-1–1-30). Plaintiff has stipulated to removal of this case to federal court. (Dkt. 1-31.)

On removal, Defendants—the parties which invoked the federal court's removal jurisdiction—have the burden of establishing federal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."). Even when both sides stipulate to federal jurisdiction, this Court has an independent obligation to examine whether removal jurisdiction exists *before* deciding any issue on the merits. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (The federal district court is "obligated to consider sua sponte whether [it has] subject matter jurisdiction.").

Defendants assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." (Notice at 2.) Diversity must exist *both* at the time the case was filed in state court *and* at the time of removal. Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). Defendants assert that Plaintiff Diamondstar is "a

citizen of Nevada." (Id. at 3.) For diversity purposes, however, corporate entities may have *dual* citizenship: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). If Defendants choose to file an amended notice of removal, they should assert not only where Plaintiff is incorporated but also the state where it has its principal place of business. (Cf. Notice at 3 [asserting that Defendant THH "is a California limited liability company with its principal place of business in California"].)

Similarly, the Notice asserts that Defendant Rick Zielomski "is an individual with his primary *residence* in California." (Notice at 3) (emphasis added). But the diversity statute looks to "citizenship" not "residence." 28 U.S.C. § 1332. To establish "citizenship" for diversity purposes, an individual must be *both* a citizen of the United States *and* a domiciliary of one particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). An individual *residing* in a particular state is not necessarily *domiciled* there. Instead, a person's "domicile" is the place he or she resides *with the intention to remain* or to which he or she intends to return. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). While a mere allegation of "residency" is insufficient to establish citizenship, it may be cured by amendment. 28 U.S.C. § 1653.

Finally, the Notice does not adequately demonstrate that the amount in controversy exceeds $75,000. "Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings." Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation omitted). However, "in a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." Id. at 1106–07 (9th Cir. 2010). Thus, Defendants must demonstrate by a preponderance of the evidence that Plaintiff could recover more than $75,000 if successful.

The complaint revolves around a single transaction whereby Defendant THH agreed to sell 10,000 packages of disinfectant wipes to Plaintiff, who intended to resell the wipes to its customer Safeguard. (Dkt. 1-3 ¶¶ 7–12.) Plaintiff alleges that the wipes arrived late and in unusable condition. (Id. ¶ 14.) Plaintiff asserts $49,568 in damages to replace the damaged wipes. (Id. ¶¶ 16–17.) Plaintiff also alleges that due to the moldy and unusable wipes, Plaintiff's "relationship with Safeguard has been irreparably harmed, leading to a loss of over $500,000 of profits." (Id. ¶ 18.) Plaintiff contends that prior to this transaction with THH, it "enjoyed a stellar reputation with Safeguard" but that "Safeguard now refuses to do business with Plaintiff." (Id. ¶ 28.) While attorney fees recoverable by statute or contract may be included in determining the amount in controversy, see Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir. 1998), the complaint does not include any such allegations. In its Notice, Defendants merely cite this total amount—$549,568—to demonstrate that the amount in controversy exceeds $75,000. (Notice at 2.) But a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal

petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the applicable dollar value. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (per curiam).

In removal of a civil action based on diversity, "the sum demanded *in good faith* in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (emphasis added). "Yet, making a claim in 'good faith' means a plaintiff's estimations of the amounts recoverable must be realistic and objective, not based on fanciful, pie-in-the-sky, or simply wishful amounts." Parker v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr., No. 2:20-CV-09697 ODW (RAO), 2020 WL 7479633, at *2, 2020 U.S. Dist. LEXIS 238747, at *4 (C.D. Cal. Dec. 18, 2020) (citation omitted). Indeed, the court has an "independent obligation to examine its jurisdiction where doubts arise," and "would be remiss in its obligations if it accepted every claim of damages at face value." Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (citations omitted). Here, the leap from nearly $50,000 in contract damages to $500,000 in lost profits is difficult to credit. The Court finds it implausible that if prior to this one moldy shipment of disinfectant wipes Plaintiff had a "stellar reputation" with Safeguard, Safeguard would thereafter refuse to do any business with Plaintiff. Cf. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (A "defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold.") (emphasis added). Even if future lost profits were properly considered, Plaintiff's allegations appear too speculative to satisfy the amount-in-controversy requirement. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 890 (5th Cir. 2014) (speculative claim for lost profits did not raise the amount in controversy above the jurisdictional requirement); Zuckman v. Monster Beverage Corp., 958 F. Supp. 2d 293, 302 (D.D.C. 2013) ("Even if future lost profits were considered, however, [defendant's] claims about these costs are still too speculative to satisfy the amount-in-controversy requirement.").

When the court questions the defendant's allegations of removal jurisdiction, "evidence showing the amount in controversy is required." Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1069 (9th Cir. 2021) (citation omitted); see generally Dart Cherokee, 574 U.S. at 89 ("Evidence establishing the amount is required … when the plaintiff contests, or the court questions, the defendant's allegation."). Therefore, if Defendants choose to file an amended notice of removal, they should provide "summary-judgment-type evidence as to the amount in controversy at the time of removal." Thompson v. Coulter, No. CV-10-27, 2010 WL 2802756, at *3, 2010 U.S. Dist. LEXIS 70429, at *8 (D. Mont. July 13, 2010); see Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("To discharge its burden [on removal], [the defendant] needed to provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount.") (citation omitted). Of course, to establish the jurisdictional amount, Defendants *need not concede liability* for the entire amount, or any amount. See Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Further, given that Plaintiff stipulated to removal of this case, the Court expects that Plaintiff shall fully cooperate in providing Defendants with the necessary evidence to support the amount

in controversy. For example, Plaintiff could submit a declaration that describes the profits it received from its sales to Safeguard before and after the moldy-wipes incident.

      IT IS HEREBY ORDERED that, **on or before July 30, 2021**, Defendants shall show cause why this action should not be remanded for lack of subject matter jurisdiction. Defendants may discharge this Order to Show Cause by filing an amended notice of removal that seeks to cure the defects identified above. Failure to show cause by **July 30, 2021**, will result in remand to the state court.

                                                                                                                            Initials of Deputy Clerk JD